```
                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF INDIANA
                        LAFAYETTE DIVISION


JANET DAVIS,                    )
                                )
          Plaintiff             )
                                )
     v.                         )    Case No. 4:07 cv 40
                                )
GENOVA PRODUCTS, INC. d/b/a     )
RENSSELAER PLASTICS CO., JEFF   )
MOLENAAR, and ED LYNCH,         )
                                )
          Defendants            )
******************************)
JEFF MOLENAAR,                  )
                                )
       Counter-Plaintiff        )
                                )
     v.                         )
                                )
JANET DAVIS,                    )
                                )
       Counter-Defendant        )
```

## OPINION AND ORDER

This matter is before the court on the Motion to Dismiss Counter Claim filed by the plaintiff, Janet Davis, on September 17, 2007 (DE 16), and the Motion for Leave to File Defendant/-Counter-Plaintiff's Amended Counterclaim filed by the defendant, Jeff Molenaar, on September 28, 2007 (DE 21). For the reasons set forth below, the Motion to Dismiss the counterclaim is **DENIED,** and the motion for leave to file an amended counterclaim is **GRANTED.**

## Background

In her complaint, the plaintiff, Janet Davis, alleged that she was subjected to sexual harassment during the course of her employment with the defendant, Genova Products, Inc. She alleged

that defendant and co-employee Jeff Molenaar routinely engaged in sexually suggestive behavior and that Genova supervisors did not investigate her complaints or take any remedial action in response.

In his answer, Molenaar asserted four counterclaims against Davis, including tortious interference with employment relationship, equitable estoppel, fraud, and defamation. Davis filed a motion to dismiss each of these counterclaims. In response, Molenaar sought to amend his counterclaim, dropping the equitable estoppel and fraud claims. Molenaar also filed a separate response to Davis' motion to dismiss arguing in support of the tortious interference and defamation claims as they are plead in the proposed amended counterclaim.

## Discussion

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *See generally* **Foman v. Davis**, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d. 222 (1962). This Circuit has recognized that pleadings should be freely amended as the case develops, as long as amendments do not unfairly surprise or prejudice the opposing party. **Jackson v. Rockford Housing Authority**, 213 F.3d 389, 390 (7th Cir. 2000). The decision of the court to deny leave to amend a pleading is reviewed for abuse of discretion. **Ajayi v. Aramark Business Services**, 336 F.3d 520, 530 (7th Cir. 2003).

2

Davis offered no objection to Molenaar's motion for leave to file an amended counterclaim. Further, the amendment drops some counterclaims and clarifies others. There can be no argument that surprise or prejudice arises from such an amendment. Accordingly, the motion for leave to file an amended counterclaim is **GRANTED**. The defendant is **DIRECTED** to file separately the amended counter-claim attached as an exhibit to his motion for leave.

While Davis' arguments regarding the now eliminated fraud and equitable estoppel claims are moot, the court will address the pending motion to dismiss Molenaar's tortious interference and defamation claims. *See e.g.* **Patton Elec. Co., Inc. v. Rampart Air, Inc**., 777 F.Supp. 704, 713 (N.D. Ind. 1991); Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, 6 *Federal Practice & Procedure* §1476, 556-558 (2d. 1990, Supp. 2007) ("Defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.").

In ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a court must follow

> the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in sup-port of his claim which would entitle him to relief.  (footnote omitted)
>
> **Conley v. Gibson**, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957)

3

*See also* **Bowers v. Federation Internationale de l'Automobile**, 489 F.3d 316, 329 (7th Cir. 2007).  This court must "accept the well-pleaded allegations of the complaint as true." **Albright v. Oliver**, 510 U.S. 266, 268, 114 S.Ct. 807, 810, 127 L.Ed.2d 114 (1994).  *See also* **H.J., Inc. v. Northwestern Bell Telephone Company**, 492 U.S. 229, 249-50, 109 S.Ct. 2893, 2906, 106 L.Ed.2d 195 (1989); **Hishon v. King & Spaulding**, 467 U.S. 69, 73, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59, 65 (1984); **Scheuer v. Rhodes**, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); **Reid L. v. Illinois State Board of Education**, 358 F.3d 511, 515 (7th Cir. 2004).  The court will "draw all reasonable inferences in the light most favorable to the complaint." **Crenshaw v. Baynerel**, 180 F.3d 866, 868 (7th Cir. 1999).

   In order to escape dismissal

> a plaintiff need not set out in detail the facts upon which a claim is based, but must allege sufficient facts to outline the cause of action.
>
> **Marmon Group, Inc. v. Rexnord, Inc.**, 822 F.2d 31, 34 (7th Cir. 1987) *quoting* **Doe v. St. Joseph's Hospital**, 788 F.2d 411, 414 (7th Cir. 1986)

To prevail a defendant "must demonstrate that the plaintiff's claim, as set forth by the complaint, is without legal consequence." **Gomez v. Illinois State Board of Education**, 811 F.2d 1030, 1039 (7th Cir. 1987).

   Indiana law recognizes the application of a tortious interference with contract claim to an at-will employment relationship. "As we have explained, an at-will employee 'must be able to

4

expect that his continued employment depends on the will of the employer and not upon the whim of a third-party interferer.'" ***Trail v. Boys and Girls Club of Northwest Indiana***, 845 N.E.2d 130, 138 (Ind. 2006)(*quoting* ***Bochnowski v. Peoples Federal Savings and Loan Association***, 571 N.E.2d 282, 285 (Ind. 1991). A claim asserting tortious interference with contract must demonstrate "(i) existence of a valid and enforceable contract; (ii) defendant's knowledge of the existence of the contract; (iii) defendant's intentional inducement of breach of the contract; (iv) the absence of justification; and (v) damages resulting from defendant's wrongful inducement of the breach." ***Winkler v. V.G. Reed & Sons, Inc.***, 638 N.E.2d 1228, 1235 (Ind. 1994). The Indiana Supreme Court also clarified that in the at-will employment context, "in addition to demonstrating the standard elements of the tort [the claim must] show that the defendant interferer acted intentionally and without a legitimate business purpose." ***Trail***, 845 N.E.2d at 138.

In his amended counterclaim, Molenaar asserted that Davis, aware of Molenaar's employment, intentionally filed false claims with Genova and the EEOC which included allegations that Molenaar routinely "touch[ed] [Davis'] bottom, breasts and vaginal area through [her] clothes, [struck] her with equipment, pipes and other items in a sexually suggestive manner, including repeatedly push[ing] a pipe from his pelvic area into [Davis'] bottom in a stroking manner." (Complaint, Exh. A)  Molenaar alleged that these false allegations caused damages that included emotional

5

distress as well as his termination. Accepting as true the claims made in the amended counterclaim, Molenaar has met each of the claim's requirements. Accordingly, he has stated a claim for tortious interference with his employment and Davis' motion to dismiss this claim is **DENIED**.

The parties' dispute over Molenaar's defamation claim regards the proper standard of pleading to which the claim is held. While there is no dispute that Indiana law governs the substantive aspect of the claim, the pleading standard is a procedural matter governed by the federal rules. ***Muzikowski v. Paramount Pictures Corporation***, 322 F.3d 918, 926 (7th Cir. 2003). Consequently, though Indiana may impose a heightened pleading standard regarding defamation claims, that standard is not applied in this court. See ***Muzikowski***, 322 F.3d at 926 ("That may be the Illinois pleading rule, but it of course does not apply in a federal court."). Rather, the claim is measured according to the standard supplied by Federal Rule of Civil Procedure 8, which requires only that the claim is sufficiently plead to put the defendant on notice.

Molenaar's counterclaim, by virtue of its reference to "imputed criminal conduct" and "sexual misconduct," can be read to state a claim for defamation *per se*. See ***Kelley v. Tanoos***, 865 N.E.2d 593, 596 (Ind. 2007)("A communication is defamatory *per se* if it imputes: (1) criminal conduct; (2) a loathsome disease; (3) misconduct in a person's trade, profession, office, or occupation; or (4) sexual misconduct."). Accordingly, Molenaar

6

was not required to plead special damages pursuant to Federal Rule of Civil Procedure 9(g). See **Muzikowski**, 322 F.3d at 924; **Kelley**, 865 N.E.2d at 596. Further, while Davis has argued that the alleged publication of these comments - her complaints regarding alleged sexual harassment to her employer - give rise to a qualified privilege, Molenaar is not required to plead in anticipation of that defense. As noted, accepting as true Molenaar's allegation that Davis completely and intentionally fabricated her allegations, Davis' motion to dismiss must be **DENIED**.

_____

For the foregoing reasons, the Motion to Dismiss Counter Claim filed by the plaintiff, Janet Davis, on September 17, 2007 (DE 16) is **DENIED,** and the Motion for Leave to File Defendant/-Counter-Plaintiff's Amended Counterclaim filed by the defendant, Jeff Molenaar, on September 28, 2007 (DE 21), is **GRANTED.**

ENTERED this 11th day of January, 2008

                                             s/ ANDREW P. RODOVICH
                                             United States Magistrate Judge